THE CHICAGO AND IOWA RAILROAD COMPANY *et al.*

*v.*

DANIEL J. PINCKNEY *et al.*

1. CONSTITUTION — *clause relating to municipal subscriptions and donations construed.* The object of the proviso to the section of the new constitution relating to municipal subscriptions, was, to save such subscriptions and donations voted in aid of railroads and private corporations prior to its adoption. The saving clause, by a reasonable construction, embraces donations as well as subscriptions, and places them upon the same footing.

2. MUNICIPAL DONATION — *sufficiency of notice of election.* Where the petition filed with the town clerk for an election upon the question of the town donating its bonds in aid of a railroad, stated the time the bonds were to run and the interest they were to bear, as required by law, it was *held,* that an omission in the notice of the election to state these facts, when the notice recited that the petition was filed in the clerk's office, would not vitiate the election, as the petition was subject to inspection of any voter desiring to learn the facts.

APPEAL from the Circuit Court of Ogle county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. E. WALKER, Mr. J. H. CARTWRIGHT, Mr. H. CRAWFORD, and Mr. S. P. McCONNELL, for the appellants.

Mr. JAMES K. EDSALL, and Mr. T. LYLE DICKEY, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill filed in the circuit court of Ogle county, by Daniel J. Pinckney and others against the Chicago and Iowa Railroad Company, the town of Mount Morris and others, to enjoin the town and its officers from issuing bonds to the Chicago and Iowa Railroad Company in the sum of $75,000.

The cause was heard upon bill, answer, replication and proofs, and a decree rendered in favor of complainants, according to the prayer of the bill. The defendants excepted to the decree and prosecuted an appeal to this court.

The principal points relied upon by appellees to prevent the town from issuing the bonds are:

First. The constitution of 1870 prohibits a donation by a town to a railroad corporation.

Second. The pretended vote in favor of such donation was void, because the notice of the election, and the petition, were defective.

The clause of the constitution relied upon reads as follows: "No county, city, town, township or other municipality shall ever become subscriber to the capital stock of any railroad or private corporation, or make donation to loan its credit in aid of such corporation; provided, however, that the adoption of this article shall not be construed as affecting the right of any such municipality to make any such subscriptions where the same have been authorized, under existing laws, by a vote of the people of such municipalities prior to such adoption."

The election in the town of Mount Morris, by which the voters of that town decided to donate $75,000 to the Chicago and Iowa Railroad Company, occurred on the thirtieth day of June, 1870. The constitution was adopted on the second day of July following.

At the time the section of the constitution referred to was framed, large sums of money in different parts of the State had been voted by municipalities to be subscribed and donated to railroad companies, on condition that railroads then being

constructed should be completed within a given time, and the country, whether wisely and judiciously or not, seemed to demand that in cases where the people in these municipalities had, under then existing legislation, voted to aid railroads by subscription or donation prior to the adoption of the constitution, that such subscription or donation should not be affected by the formation of the constitution.

And we have no doubt it was in view of this demand of a large portion of the State that the proviso was engrafted in the foregoing section.

It is conceded by appellees that the proviso saves subscription to stock previously voted, but they insist it does not save donations voted. We cannot adopt a construction so narrow and technical. A reasonable construction of the whole section will embrace donations as well as subscriptions. In one sense of the term a donation is a subscription to the capital stock of a .company.

We have no doubt at the time the section was framed there were then in the State quite as many donations voted as there were subscriptions to stock in any other manner, and if a necessity or reason existed to protect a subscription there was also the same reason and demand to protect a donation, and we entertain no doubt it was the intention of the framers of the constitution, by adding the proviso to the section cited *supra*, to place subscriptions and donations on the same footing.

The notice of the election under which the vote was taken to make the donation reads as follows:

## SPECIAL TOWN MEETING.

Office of the Town Clerk of the Town of Mount Morris, in the County of Ogle and State of Illinois.

*To the voters of said Town:*

Whereas, twenty legal voters of the town of Mount Morris, in the county of Ogle and State of Illinois, have presented and filed in my office their written application requesting that an election and special town meeting be held in said town, to

determine whether said town shall, in its corporate capacity, make a donation to the Chicago and Iowa Railroad Company to the amount of seventy-five thousand ($75,000) dollars, in the bonds of said town, to aid in the construction of said railroad, said bonds not to be issued until said railroad company shall have located their said railroad from a connection with the Chicago, Burlington and Quincy Railroad at the city of Aurora, Kane county, Illinois, into and through said town, and shall have located a depot on the line of said railroad, within three-fourths ($\frac{3}{4}$) of one mile of Rock River Seminary building, nor until the said company shall have constructed said railroad through said town, and laid the track for the same with a T rail, to weigh not less than fifty-six pounds to the yard, the same to be completed on or before the 31st day of December, A. D. 1871.

*Now, therefore,* I, F. B. Brayton, town clerk of said town of Mount Morris, in pursuance of an act of the General Assembly of the State of Illinois, entitled " An act to incorporate the Chicago and Iowa Railroad Company," approved March 30th, A. D. 1869, do hereby notify the legal voters of said town that a special town meeting and an election will be held at A. W. Little's shop, in said town, on the 30th day of June, A. D. 1870, to vote for or against said donation, and that the polls will be opened between the hours of nine and ten o'clock in the forenoon of said day, and remain open until six o'clock in the afternoon, unless otherwise ordered.

Dated this 9th day of June, A. D. 1870.

F. B. Brayton,
*Town Clerk of said town.*

The objection made to this notice is, that it fails to state the rate of interest the bonds were to bear, or the time when they became due.

While it is true those things are not stated in the notice, yet the law under which this election was held required a petition to be presented to and filed with the town clerk,

signed by twenty legal voters of the town, in which the rate of interest the bonds are to draw, and the time they are to run, is required to be stated.   Private Laws of 1869, vol. 2, § 12.

The voters of the town of Mount Morris are told by this notice that a petition has been filed in the town clerk's office, signed by twenty legal voters of the town.   If there was a bare possibility of any voter not knowing by the notice how long these bonds were to run or their rate of interest, he is informed by the notice that the information is in the office of a public officer of the town, and all he has to do in order to obtain the required information is, to call on that officer.

The petition filed with the town clerk, upon this point, reads : " Said bonds to be made payable within ten years from the date of their issue, and to bear interest from the date of their issue at the rate of ten per cent per annum, payable annually."

We do not think there can be a pretense for a single voter being misled by the notice.   The petition is referred to as being on file, and was thus subject to inspection by all the voters of the town.   We are of opinion that the notice, in connection with the petition, is sufficient.

The election seems to have been free from fraud and undue influence, and was conducted honestly and fairly, the result of which was, two hundred and sixty-nine votes were cast for donation of $75,000 ; one hundred and sixty-three votes against donation.

The railroad company seem to have complied fully with each and every condition required of them in the construction of the road before they would be entitled to the bonds, and in conformity to the former decisions of this court, we can see no ground upon which the bill in this case can be sustained.

The decree will be reversed and the bill dismissed.

*Decree reversed.*

Mr. CHIEF JUSTICE WALKER and Mr. JUSTICE MCALLISTER, dissenting : The first branch of the section of the constitution

referred to, prohibits subscriptions or donations, or loans, by municipalities, to private corporations. The proviso drops donations and loans of credit, and merely authorizes subscriptions to capital stock where the same had been before voted. This is a donation, and had not been voted as a subscription. It is not, therefore, within the proviso but within the prohibition. The constitution clearly makes a distinction between a subscription and donation, and this court is powerless to annihilate it.