## THE PEOPLE *ex rel.* Adam Rinard

### *v.*

## THE TOWN OF MOUNT MORRIS *et al.*

*Filed at Springfield May 11, 1891.*

1. MANDAMUS—*demand and refusal—whether necessary—what constitutes.* The general rule is, that before applying for a *mandamus* the petitioner should make an express and distinct demand or request of the defendant to perform the duty or act required; and there must be a refusal by the defendant to comply with such demand, either in direct terms, or by conduct from which a refusal can be conclusively implied.

2. Where the duty is of a public nature, affecting the public at large, and there is no one specially empowered to demand its performance, there is no necessity for a literal demand and refusal. But when the person aggrieved claims the immediate and personal benefit of the act or duty the performance of which is sought, he must first make a demand, in order to lay the foundation for relief by *mandamus*.

3. SAME—*petition must aver demand.* A petition by the holder of municipal bonds issued by a town, for a *mandamus* against the town and its board of auditors, to compel them to audit and allow bonds therein described, and the interest thereon, and then certify the same to the county clerk, etc., is bad on demurrer, if it shows on its face that no

prior demand was made on the town and its board of auditors to pay the bonds or provide means for their payment.

4. PRACTICE—*sufficiency of service not raised on demurrer to petition.* On demurrer to a petition for a *mandamus* by a part of the respondents, the question as to the sufficiency of the service upon one not appearing can not arise. The only question presented is the sufficiency of the petition.

This was a petition filed in this court by Adam Rinard, against the town of Mount Morris and the board of auditors of such town, to compel them to audit, allow and pay, or make provision for the payment of, certain bonds issued by such town to a railway company. The facts of the case are sufficiently stated in the opinion of the court.

Messrs. SANDERS & BOWERS, for the relator.

Messrs. CONKLING & GROUT, and Mr. J. C. SEYSTER, for the respondents.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a petition for mandamus, filed in this Court at the June Term, 1889, by the People, on the relation of Adam Rinard, against the Town of Mount Morris in Ogle County, and the Town Auditors of said Town, to compel them to meet as auditing Board of said town at their next session or semi-annual meeting as required by law, and audit and allow the bonds described in the petition and interest thereon as specified in the bonds, and the costs of this proceeding, and, when so allowed, to certify the same to the County Clerk of said County, and to file with the Town Clerk of said Town, their certificates of their allowance of said bonds and interest and costs, etc.

The petition alleges, that, on May 3, 1875, said Town executed and delivered its bonds to the amount of $25,000.00 in payment of a subscription voted by the people of the town in aid of the Chicago and Iowa Railroad Company under the.

authority of an Act to incorporate said company approved March 30, A. D. 1869, and that the relator is the owner of three of said bonds, numbered 48, 49 and 50, each for $500.00, due May 3, 1885, drawing interest at the rate of ten per cent per annum, etc. The bonds mentioned in the petition are those referred to in the cases of *C. & I. R. R. Co.* v. *Pinckney,* 74 Ill. 277, and *Harmon* v. *The Auditor, etc.* 123 id. 122.

The petition is demurred to by the Town of Mount Morris, and by the Supervisor and two Justices of the Peace, who, with the Town Clerk, constitute the Town Auditors of said Town. The case, as presented to us, is upon the demurrer to the petition.

The defendants make the point that the return of the Sheriff upon the writ does not show proper service upon the Town Clerk. The question as to the service cannot arise upon demurrer to the petition. The petition does not show the return of the Sheriff, nor the character of the service made by him upon any of the defendants. The only questions which we can consider, as the case is now brought before us, relate to the legal sufficiency of the petition for mandamus.

Without commenting upon all the points made by the defendants in support of their demurrer, we deem it sufficient to notice one, which we regard as well taken.

The petition shows upon its face, that no demand was made upon the Town, or the Board of Auditors, to pay the bonds, or to provide means for their payment, or to take any steps towards raising the money for their payment. The petition alleges, that it became the duty of the Town, through its proper corporate authorities, to provide by taxation for the payment of the principal and interest of the bonds, as the same matured, but that the town and its authorities wholly neglected and refused to make any provision whatever for the payment of said indebtedness, and that, because of the failure and refusal of said town and its officers to make such provisions, "a formal demand of same would prove unavailing."

The demand, if made, may not have been unavailing. It cannot be said, that the defendants neglected and refused to do what they were not asked to do. It cannot be assumed, that they would not have responded to a demand, which the law required the relator to make. It was the duty of the relator to make the demand, and until he did so, he was not in a position where he could call upon the court to aid him by mandamus.

The general rule is, that, before applying for a mandamus, the petitioner should make an express and distinct demand or request of the defendant to perform the duty or act required; and there must be a refusal by the defendant to comply with such demand, either in direct terms, or by conduct from which a refusal can be conclusively implied. (*City of Chicago* v. *Sansum,* 87 Ill. 182; *City of Cairo* v. *Everett,* 107 id. 75; *The People* v. *Village of Hyde Park,* 117 id. 462).

Where the duty is of a public nature, affecting the public at large, and there is no one specially empowered to demand its performance, there is no necessity for a literal demand and refusal. But where the person aggrieved claims the immediate and personal benefit of the act or duty the performance of which is sought, he must first make a demand in order to lay the foundation for relief by mandamus. (High on Ex. Legal Rem. secs. 13 and 41). The distinction between duties of a public nature and those of a private nature, as related to the necessity of a demand and refusal before applying for the writ of mandamus, has been recognized by this Court in *The People ex rel.* v. *Board of Education,* 127 Ill. 613.

In the case at bar, the relator has a private interest in the duty, the performance of which he seeks to enforce against the Town. Accordingly, demand and refusal are necessary as a condition precedent to relief by mandamus. The demurrer to the petition must, therefore, be sustained.

*Demurrer sustained.*