T. W. KIRKLAND ET AL. v. L. D. GUINN, COUNTY ATTORNEY, ET AL.

Decided April 13, 1901.

**1.—Stock Law—Validity of Election—Filing Petition.**
Where a petition for an election to determine whether sheep, goats, and hogs should run at large in a subdivision of the county was filed by the county clerk while the commissioners court was not in session, and the election was ordered at the next term of the court after such filing, the election was not rendered invalid by reason of such facts, since the filing of such papers, where not otherwise provided for, falls within the duty of the clerk. Rev. Stats., arts. 4978-4981.

**2.—Same—Boundaries of Territory—Calls.**
The rule that a call for course and distance must yield to one for an established corner or well known objects, applies to calls in the description of the territory in an order for an election under the stock law.

**3.—Same—Description of Territory—Immaterial Variance.**
The omission from the description of the territory as contained in the published notice for a stock law election of one call and two calls for course contained in the order for the election, will not affect the validity of the election in the absence of allegations that such a number of voters had been thereby misled and prevented from voting as would have changed the result had their votes been cast.

Appeal from Cherokee. Tried below before Hon. Tom. C. Davis.

*J. A. Bullock,* for appellants.

*Robinson & Norman* and *Wilson & Watkin,* for appellees.

GILL, ASSOCIATE JUSTICE.—This action was brought by appellants against the appellees, L. D. Guinn, county attorney of Cherokee County,, and J. C. Box, county judge, for the purpose of contesting a stock law election held in a certain subdivision of said county to determine whether hogs, sheep, and goats should be permitted to run at large in such subdivision. Injunction was asked against the county judge to restrain him from publishing the result of the election.

Judgment was rendered for appellees on demurrers questioning the sufficiency of the grounds relied upon by the appellants in their petition. Appellants declined to amend, and have brought the cause here by appeal. As disclosed by the petition, the validity of the election was assailed upon three distinct grounds which will hereinafter appear in their proper connection. The substance of appellants' allegations on the first ground stated is that the petition for the election was filed with the

clerk in vacation, and the election ordered May 16, 1900; and it is contended that, as the petition was not filed with the commissioners court in regular session and the order made at the *next* regular term, the election is a nullity.

Article 4978 of the Revised Civil Statutes pertaining to stock law elections provides, among other things, that upon the petition of twenty freeholders of any subdivision of a county, the commissioners court shall order an election, etc. Article 4981, on the same subject, provides, among other things, that "upon the filing of such petition the commissioners court at its next regular term thereafter shall pass an order directing an election to be held  *  *  *  in the particular subdivision  *  *  *. ." Nowhere in the chapter devoted to the subject is there a provision designating the officer with whom the petition for the election shall be filed.

In support of the contention that it should be filed with the commissioners court in term time, and that an order made in pursuance of a petition otherwise filed is void, appellants cite Wilson v. Hines, a Kentucky case, reported in 35 Southwestern Reporter, 627. As we gather from the reported opinion in the case cited, the statute controlling the calling of local option elections in that State makes it the duty of the county judge at the next regular term of the county court after *receiving* the petition for the election, to make an order on his order book directing the election to be held in the designated district not less than sixty days after the petition is lodged with the judge of the court. The petition was handed to the county judge on Sunday, the day before the first day of the April term of his court, and the order for the election was made by him on the first day of the term. It was held that the law contemplated that the county judge should make the *receiving* of the petition a matter of record in his court, and this he could do only in term time. It followed logically that, in view of the provision that the order should be made at the next regular term, it was unlawful to make it at the same term in which the receiving of the petition was made a matter of record. We think the case cited is easily distinguishable from the case at bar. In that case the law required the petition to be lodged with the county *judge;* to be received by that officer in term time. In this case the law requires the petition to be filed, without designating the officer whose duty it shall be to file it or when it shall be filed. That when a paper is required to be filed in any court of this State, the duty devolves generally on the clerk of the court, can not be successfully controverted; and the statutes furnish other instances than this in which papers are required to be filed in the county court or commissioners court without specifically devolving the duty upon the clerk, as in Revised Statutes, article 2568, controlling the proceedings for the appointment of guardians. Also articles 4700 to 4703, prescribing the procedure before the commissioners court for the opening or changing of public roads. Yet in those cases it has been the uniform practice to file such papers with the clerk of the court. Article 5, section 20, of

the State Constitution declares that the county clerk shall be the clerk of the county and commissioners' courts, and by subsequent enactment he is made ex officio clerk of the commissioners court and keeper of its records.    Arts. 1143, 1557.

In the Kentucky case cited the duties of the clerk, or his right to file a paper addressed to the court, were not involved, so, for that additional reason, it is of no value in the solution of this question.    It is worthy of remark, however, that in the case of Doores v. Varnon (Kentucky), 22 Southwestern Reporter, 852, the reasoning of the court strongly supports appellants' contention, but as in the other Kentucky cases cited, the distinction lies in the fact that the duty of the county judge arose on· *receiving* the petition, and it was held that he could not officially receive it in vacation.

Appellant lays much stress upon the fact that the stock law in question was enacted by the same Legislature which passed the former local option liquor law, and insists that, as in the latter the petition is required to be filed with the clerk, the omission of a like requirement from the former is significant.    We think, however, the omission is capable of more rational explanation on the ground that it was due to the general impression that the filing of a paper· not otherwise provided for falls within the general powers and duties of the clerk.    In view of the fact that the duty falls naturally to the clerk, it is remarkable that, if the Legislature intended to rest the duty elsewhere, the purpose was not expressed in plain terms.

Article 3227, passed in 1876 and authorizing the commissioners court to order elections to determine whether liquor shall be sold in certain territory, is in almost the identical language as article 4978, supra. Yet in article 3229, following, it is not in terms made the duty of the clerk to file the petition, but the Legislature seems to have proceeded upon the assumption that it was a part of his general duty, and simply authorized the court to make the order at the first regular term after its filing with the clerk.    There are strong reasons for holding this to be a legislative construction as to the duty of the clerk in the premises, in the absence of specific language imposing the duty elsewhere.    We have been cited to no Texas case decisive of the question, but we are clear that the weight of reason is opposed to the contention of appellant.    We are of opinion the election was properly ordered at the first regular term after the filing of the petition.    It follows that the court did not err in sustaining exceptions to the part of the petition asserting that as a ground of contest.

Under the second ground appellants aver that the description of territory as contained in the order is void for uncertainty; (1)    Because in the call, "North from Couch's N. W. corner to Wallace Cowan's N. W. corner," the latter corner would be missed by 650 varas, and that the true course from the one point to the other is northeast.    (2)    Because in the call, "From Frank Kendrick's N. E. corner south to James Murphy's S. W. corner," the Murphy corner would be missed by 1 1-2

miles. (3) The call, "Thence east to Newt Perryman's S. W. corner; thence north to his N. W. corner and Lacy's S. E. corner; thence north to Perryman's N. W. corner," is confusing and inaccurate.

The first two objections are answered by the well established rule that the call for couse must yield to the call for a well known object or an established corner. But appellants contend that the rule does not apply to descriptions such as this, the statute requiring that the petition of the citizens must particularly describe the territory to be affected. In our opinion this is not an open question, nor, if it was, do we think the position of appellants tenable. To hold that an error in a call for a course to a given object should render the description void would in effect nullify the law permitting elections in a territory including anything less than the entire county or an established subdivision thereof. Surveyors frequently differ as to course, and compasses vary and are affected by unknown conditions varying at different times, but as to the location and identity of a well known object, a controversy can rarely arise. For these reasons, and because there is nothing in the situation calling for the application of a different rule, the doctrine announced above has been uniformly applied to descriptions of this character. Casey v. State, 59 S. W. Rep., 884. Measured by this rule, there is neither ambiguity nor uncertainty in the description set out in the petition, and exceptions to appellants' original petition were properly sustained.

The objection to the call for the Perryman corners is equally without merit. It is either a repeated call, or a call for another Peryman tract. If a repeated call, it is easily reconciled with the remainder of the description. If it be treated as a call for a second Perryman tract, there is no defect or ambiguity, and there is no allegation in the petition to the effect that no second Perryman tract in fact existed by which the second call would be satisfied. .

The third ground upon which the contest is predicated is that the description contained in the published notice of the election is so variant from the description contained in the order as to render the election void. We deem it unnecessary to set out at length the points of variance complained of. They consist of the omission of one call, and the omission of two calls for course. We are of opinion that the variance is so slight as not to be misleading, and amounts to no more than a mere irregularity. If the allegation had been made that a sufficient number of voters had thereby been misled and prevented from voting as would have likely changed the result had they cast their votes, the trial court should have tried the issue thus made, but no such allegation is present.

In Wheat v. Smith (Arkansas), 7 Southwestern Reporter, 16, it is held that a notice in some respects defective was at least sufficient to call the attention of the voters to the existence of the order which was of record in the commissioners court, and if fuller information was desired, the order itself was open to inspection. To the same effect is Railway v. Pinckney, 74 Ill., 277. See also Smith v. Board Commis-

sioners, 45 Fed. Rep., 725. Elections of this kind will not be disturbed for mere irregularities which do not appear to have influenced the result. In Ex parte Smith, 30 Southwestern Reporter, 223, the notices in question were so variant from the order as to impress the court with the belief that the wrong notice had been copied in the transcript on appeal. Such notices were of course held void. Nothing is said in that opinion inconsistent with the doctrine that a substantial compliance in the matter of following the description as set out in the order is sufficient in the absence of allegation that voters were misled thereby. Ex parte Williams, 35 Texas Crim. Rep., 75. In Ex parte Mayes, 44 Southwestern Reporter, 831, the question did not arise on a variance contained in the description embodied in the notice, but on a failure of the notices to specify a voting place. However, the principle announced supports the conclusion we have reached.

"The object of a popular election is that the will of the greater number of the voters may prevail. Hence the important matter in every election is that the will of the voters should be fairly expressed, correctly declared and legally enforced." This language was used by Chief Justice Gaines in Scarborough v. Eubank, 53 Southwestern Reporter, 574, and, as contended with much force by counsel for appellees, if this is true, something more than mere trivial and harmless irregularities should be required to be shown as a basis for avoiding an election. The boundaries of the territory are not fixed by the notice, but by the petition of the freeholders. As we have seen, the petition contains a sufficiently definite and certain description. It is nowhere averred in the petition that the will of the voters residing in the limits named was not fairly expressed. If a majority have thus declared for the law, no sufficient reason is alleged as a basis for disturbing the result. We are of opinion the trial court did not err in sustaining demurrers to the petition. The judgment is therefore in all things affirmed.

*Affirmed.*