The People of the State of Illinois ex rel. Anton Leleikis, Appellee, v. William E. Dever, Mayor, etc., et al., Appellants.

### Gen. No. 30,125.

1. MANDAMUS—*right to issuance.* A writ of mandamus is not a writ of absolute right, and should not be issued in doubtful cases.

2. MANDAMUS—*control or review of discretion of city officials.* Mandamus cannot be used to control or review the discretion of properly authorized city officials in the matter of issuing licenses, unless there has been a clear abuse of that discretion.

Appeal by defendants from the Superior Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1925. Reversed. Opinion filed October 6, 1925.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; ALBERT H. VEEDER and BERNARD A. CONLON, Asst. Corporation Counsels, of counsel.

No appearance for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This appeal is from a judgment in a mandamus proceeding directing defendants to issue a license to the petitioner "to operate as a retail beverage dealer" at

1401 West 47th street, Chicago. No brief has been filed by the petitioner.

The evidence tends to prove that one Julius Bunis, who owns the premises mentioned, operated a "soft drink parlor" there prior to July 15, 1924, when his license was revoked; that he then leased the place to petitioner, who is a laborer living next door and who works for a man "in the scrap iron business"; that petitioner paid one month's rent, but never took possession; that "as he couldn't speak English very well," he "sent somebody down to apply for the license"; that a policeman "investigated," found Bunis in possession operating without a license, and after a talk with him reported that in his opinion the use of petitioner's name in the application for a license was a mere subterfuge to enable Bunis to obtain another license. Upon this report the application of petitioner was refused.

The writ of mandamus is not a writ of absolute right and should not be issued in doubtful cases. (*People v. Blair*, 292 Ill. 139.) Nor can it be used to control or review the discretion of properly authorized city officials in the matter of issuing licenses unless there has been a clear abuse of that discretion. (*Harrison v. People*, 222 Ill. 150.) While such officials may not arbitrarily refuse to issue such a license, neither will they be compelled to issue one when in their discretion, reasonably and fairly exercised, it has been refused by them. (*Harrison v. People, supra*, 153.)

No such abuse of discretion was shown in this case, and therefore the judgment was erroneous and is reversed.

*Reversed.*

BARNES, P. J., and GRIDLEY, J., concur.