People of State of Illinois ex rel. Orville L. Miles, Realtor, Appellee, v. Bowen Industries, Inc. et al., Appellants.

Gen. No. 43,244.

Heard in the third division of this court for the first district at the October term, 1944. Opinion filed December 20, 1945. Released for publication January 8, 1946.

THOMAS L. MURPHY, of Chicago, for appellants.

LOUIS R. CONNELL, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a mandamus action filed December 11, 1943 to compel defendants to make the books of the Bowen Industries, Inc., available for inspection by plaintiff, owner of three shares of stock. The court ordered the writ to issue for inspection of all books and records except the stockholder's list. Defendants have appealed.

It appears from the pleading and proof that plaintiff was general manager of the Corporation from December 12, 1942 to April 8, 1943. On August 10, 1943 after his employment was terminated, he wrote the Corporation for a convenient appointment to inspect its books. The letter was disregarded and plaintiff filed suit.

Plaintiff's petition alleges that he has been a stockholder for more than six months; the serving of his "demand" and its refusal; defendants duty to permit his inspection of the books; and misconduct of the business.

The answer admits plaintiff's stock ownership for longer than six months; denies plaintiff's "letter" was a demand; and refers to paragraph 157.45, chapter 32, Illinois Revised Statutes [Jones Ill. Stats. Ann. 32.045] for its only obligation to afford stockholders' inspection.

The Corporation Act in the paragraph referred to, provides for the keeping of corporate books and records and for their examination by stockholders. Under it a stockholder for six months or more, or who owns at least 5 percent of the stock, has the right to examine the books and records at reasonable times for any *proper purpose;* a penalty is provided in favor of such "stockholder" where any officer, etc. refuses to permit the examination for a *proper purpose;* and the right of a stockholder, irrespective of the time or amount of his holding, to mandamus, etc., upon proof of a proper purpose is protected. *Morris v. Broadview, Inc.*, 385 Ill. 228.

Defendants argue here that the suit was premature, since the petition does not show the "demand" specified a proper purpose, and therefore there was no right to be enforced through mandamus, and that neither the petition nor proof made any showing that the demand contained facts from which a proper purpose could be seen.

Defendants did not attack the petition. At the close of plaintiff's case, however, they made a motion to dismiss on the ground that no proper purpose was shown in the "demand" or proof.

The question, therefore, is one of law whether proof of a demand showing a proper purpose is a prerequisite to the issuance of the writ.

Plaintiff's written "demand" simply stated that plaintiff would like to know when it would be convenient for him to "go over the books." Clearly, there is no showing of proper purpose in that document. The Act does not require a written demand, *Hohman v. Illinois-Iowa Power Co.*, 305 Ill. App. 17; and plaintiff alleges he followed up his writing by an oral "demand". He does not allege the conversation from which a proper purpose may be seen. He alleges simply that Bowen told him to take the matter to court. Plaintiff had the burden of proof. *Morris v. Broadview, Inc.*, and *Morris v. Wacker Hotel Co.*, 321 Ill. App. 366. His proof of demands was no more particular than the allegations. Clearly, therefore, if the Act requires that the demand make a showing of proper purpose, the defendant should prevail. The question is not whether plaintiff proved a proper purpose, but whether he proved a proper demand.

In a case of a private nature such as this, demand as a general rule is a prerequisite in a suit for mandamus. *People v. Green*, 281 Ill. 52; 34 Amer. Juris. p. 869; 35 Amer. Juris. pp. 64 and 65.

The first subparagraph of the paragraph of the Act in question provides the requirement of *proper purpose* in the demand. The second subparagraph refers to its refusal and the penalty therefor. The final subparagraph, the amendment of 1941, protects the mandamus action for all stockholders, irrespective of time or amount of holding, upon proof of "proper purpose". This last provision does not expressly refer to a demand. Such a demand, we have already noted,

however, is a prerequisite to the mandamus action. Furthermore, that demand must be of the same quality as that required of the stockholders classified in the first subparagraph. If that is not so, we must assume the purpose of the Act was leveled rather at those who held for more than six months, or at least 5 percent of the outstanding stock, than at stockholders of recently acquired, and of insignificant amounts of, stock.

██ ██ The legislative purpose in limiting the previous absolute right of stockholders' inspection of corporate books was to eliminate harassment and annoyance to corporate officers from insincere demands. *Nieman v. Templeton & Co.,* 294 Ill. App. 45. This purpose cannot be served if the officers are not informed of the reason for the demand. It would be unjust to provide this protection and penalize corporate officers for availing themselves of it. This would be the effect of permitting them to refuse a demand if a proper purpose was not shown and subjecting them to liability where that deficiency is later supplied by proof at the trial. It seems clear that the trial should be a test of the corporate judgment that the reason given for the demand at that time did not constitute a proper purpose. We think this decision is consistent with the reasoning of our Supreme Court in *Morris v. Broadview, Inc.* in construing the section in question with a history of the stockholders' right to inspect. In conclusion, therefore, we hold that since plaintiff did not prove that his demand contained facts from which the corporation or its officers could infer a proper purpose, his action was premature.

The judgment of the Circuit Court ordering the issuance of the mandamus is, accordingly, reversed.

*Judgment reversed.*

LEWE and BURKE, JJ., concur.