People of State of Illinois ex rel. Meyer C. Edelman, Appellee, v. Robert L. Hunter et al., Appellants.

Gen. No. 45,911.

75

Opinion filed April 14, 1953. Released for publication May 4, 1953.

RUSSELL W. ROOT, of Chicago, for appellants; LOUIS I. FISHER, and JOHN L. EAST, JR., both of Chicago, of counsel.

HARRY G. FINS, of Chicago, for appellee.

MR. PRESIDING JUSTICE ROBSON delivered the opinion of the court.

Plaintiff filed a petition for writ of mandamus to compel defendants to restore him to a position as assistant attorney in the classified civil service of the Sanitary District of Chicago. Defendants filed a motion to strike the petition on the grounds of insufficiency in law. Plaintiff amended his petition and the motion to strike was allowed to stand to the amended petition. The trial court denied defendants' motion and ordered them to answer. Defendants elected to stand on their motion and the court entered a final judgment. Defendants appealed from this order.

Defendants contend that the amended petition was not sufficient in law to state a cause of action. Plaintiff contends that the placing of an "o. k." by attorney for

defendants on plaintiff's order denying defendants' motion to strike and ordering the defendants to answer, and the placing of an "o. k." by defendants' attorney on the final judgment, which was presented on defendants' motion, amounted to a consent order and judgment. Plaintiff further contends that the petition was sufficient in law.

 If plaintiff's contention was correct that the "o. k.'s" placed on the orders by the attorney for defendants made it a consent decree, it cannot be reviewed by this court. *Paine v. Doughty,* 251 Ill. 396; *Galway v. Galway,* 231 Ill. 217. In the oral argument before this court, attorney for the plaintiff and attorney for the defendants agreed that the motion to strike had been argued by the respective parties before the trial judge and that after such argument the judge gave his decision. The order and the final judgment were pursuant to this decision. Attorney for defendants also stated that the reason he presented the order and motion for final judgment and "o. k.'d" them was to obtain a final order upon which to appeal to this court for a determination of the trial court's decision. This statement is substantiated by the fact that the order denying defendants' motion was entered June 11, 1952, the judgment June 18, 1952, and the notice of appeal was filed one day after on June 19, 1952. This court in the case of *Nelson v. Nelson,* 340 Ill. App. 463, held that where a full hearing of the matter in controversy between the parties had been held before the court and a judicial determination made by it of the issues, the approval of a decree that embodied the terms of the court's decision by the attorneys, did not represent an independent agreement of the parties themselves but represented the decision of the court. The court in its opinion distinguishes *Bergman v. Rhodes,* 334 Ill. 137, *Woodlawn Union Baptist Church v. Martin,* 306 Ill. App. 263, *City of Kankakee v. Lang,*

323 Ill. App. 14, cited by the plaintiff in support of his contention, from the case before it. The same distinction applies and the decision in the *Nelson* case is applicable to the facts in this case and we must hold that this is an appealable order.

▮ Several points are alleged by defendants for reversal of the finding of the trial court. It will not be necessary to consider all of them because plaintiff's petition lacks the first essential element for the filing of a petition for mandamus, which is that it must show a demand and refusal upon the proper authorities, or that the making of such demand would have been unavailing. *People ex rel. Hollie v. Chicago Park District,* 296 Ill. App. 365; *People ex rel. Miles v. Bowen Industries, Inc.,* 327 Ill. App. 362. The only allegation with reference to this is in Paragraph 13 (a) of the amended petition, which reads as follows:

"In February, 1952, Meyer C. Edelman, hereinafter designated as petitioner, requested Harry Eaton, Clerk, and Russell W. Root, Attorney, respectively, of The Sanitary District of Chicago to allow him to examine the vouchers of The Sanitary District of Chicago so as to determine whether any one was performing the legal work heretofore performed by petitioner, but the said Harry Eaton and Russell W. Root refused to allow petitioner to examine said vouchers without obtaining the permission of Anthony A. Olis, president of The Sanitary District of Chicago. Petitioner then requested permission of said Anthony A. Olis to examine said vouchers but the said Anthony A. Olis refused to grant such permission."

There is no showing that any demand was made on the defendants Robert L. Hunter, Douglas Sutherland and Charles S. Hyneman, who constitute the Civil Service Board of the Sanitary District of Chicago. In the above allegation we find no facts alleged that would show that the making of such a demand on the defend-

ants would have been unavailing. They alone had the power to reinstate him. They were the ones to whom any such demand should have been directed. The clerk of the Sanitary District, the chief attorney and the president of the Board of Trustees of the Sanitary District, even if they were so inclined, had no power to act. The defendants were the sole body that could act upon plaintiff's demand. Ill. Rev. Stat. 1951, ch. 42, pars. 323.5, 323.11 [Jones Ill. Stats. Ann. 122.097(5), 122.097(11)].

■ ■ This precise question was presented in the case of *People ex rel. O'Brien v. Cruger,* 12 App. Div. 536, 42 N. Y. Supp. 398, 400, where the court said:

"It is well settled that, previous to the making of an application to the court for a writ of mandamus to compel the performance of an official act, a demand must be made by the applicant upon the officer that he do the act which it is sought to compel him to perform, and the respondent must have refused to comply with the demand, either in distinct terms or by conduct from which a refusal can be implied, because it is due to the defendant to have the option of doing the act before an application shall be made to the court to compel him to do it."

To the same effect is *People ex rel. McDonald v. Clausen,* 50 App. Div. 286, 63 N. Y. Supp. 993, 998. Plaintiff's failure to state the essential element of demand and refusal upon defendants, which is a prerequisite to his action to sue, made his petition insufficient in law. *People ex rel. Hollie v. Chicago Park District,* 296 Ill. App. 365; *People ex rel. Miles v. Bowen Industries, Inc.,* 327 Ill. App. 362.

The judgment of the trial court will be reversed with directions that plaintiff's petition be stricken and the cause dismissed.

*Judgment reversed with directions.*

SCHWARTZ and TUOHY, JJ., concur.