HARRISON BRISTOL, Appellant, *v.* THE CHICAGO AND AURORA RAILROAD COMPANY, Appellees.

### APPEAL FROM COOK.

A corporation has its residence where it exercises corporate functions, where its business is done, where its franchises are exercised, where it is engaged in the prosecution of the corporate enterprise, or in any county in which it operates the road.

The Aurora road runs through the counties of Du Page, Kane, and La Salle, but its chief office for business is in Cook county; this gives the courts of Cook county jurisdiction over it.

THIS cause was heard before MORRIS, Judge, at May term, 1854, of Cook Circuit Court.

ARNOLD, LARNED, and LAY, for appellant.

BLACKWELL and BECKWITH, for appellees.

TREAT, C. J. Bristol brought an action in the Cook Circuit Court against the Chicago and Aurora Railroad Company. The company has authority by its charter, to construct and operate a railroad from a point in Du Page county to a point in the county of La Salle; and no portion of the road is in Cook county. The principal business office of the company is in Chicago in the county of Cook; and the process was served upon its president at this office. The court decided that it had no jurisdiction, and dismissed the suit.

The only question is, Can the corporation be sued in Cook county? The statute provides: " It shall not be lawful for any

Bristol *v.* The Chicago and Aurora Railroad Company.

plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in cases where the debt, contract, or cause of action accrued in the county of the plaintiff, or where the contract may have specifically been made payable." R. S. ch. 83, § 2. That this provision applies to corporations is manifest from § 29, ch. 90, R. S., which reads: "The word 'person' or 'persons,' as well as words referring to or importing persons, shall be deemed to extend to and include bodies politic and corporate, as well as individuals." This case is not within either of the exceptions. The injury complained of happened in Kane county. Unless, therefore, the corporation had a legal residence in Cook county, the court was without jurisdiction, and the suit was properly dismissed. The residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions. It dwells in the place where its business is done. It is located where its franchises are exercised. It is present where it is engaged in the prosecution of the corporate enterprise. This corporation has a legal residence in any county in which it operates the road or exercises corporate powers and privileges. In legal contemplation, it resides in the counties through which its road passes, and in which it transacts its business. It is as much engaged in prosecuting corporate functions in the county of Cook, as it is in the counties of Du Page and La Salle. It has voluntarily established its residence in Cook county. It has there located its chief business office. It is not pretended but that the company has authority by its charter to transact its business in Chicago. Having located itself there, it cannot now question the jurisdiction of the courts of Cook county. The statute makes it suable in any county in which it may reside. It has acquired a legal residence in Cook county. In our opinion the suit was properly brought, and the court erred in dismissing it.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*