## JOSEPH L. SILSBEE
### V.
## THE QUINCY HOTEL COMPANY.

*Jurisdiction—Corporation—Service of Process.*

Service of process on a non-resident corporation can not be had by leaving a copy thereof with a director found in the county wherein suit is brought, if such director is there upon his own private business and not upon business for the company.

[Opinion filed February, 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. JOSEPH KIRKLAND and BANGS & BANGS, for appellant.

This is a transitory action and the court below had jurisdiction over all persons coming within its territorial limits, whether natural or artificial persons. Brewster v. Scarborough, 2 Scam. 280; Semple v. Anderson, 4 Gilm. 546; Peoria Ins. Co. v. Warner, 28 Ill. 433.

Silsbee v. Quincy Hotel Co.

Our State corporations " may be found " wherever one of their agents or officers may happen to be, within the State. Peoria Ins. Co. v. Warner, 28 Ill. 433; Railroad Co. v. Keep, 22 Ill. 9; Insurance Co. v. Dunn, 45 Ill. 211; M. P. Railroad Co. v. Crane, 102 Ill. 249.

The act under which this service was made is a remedial act, and should receive the most liberal construction. This act has no limitation in it restricting a corporation to its principal or to its only place of business, but is sufficiently comprehensive to embrace any agent where he may be found, in any county of the State, provided the president of the corporation does not reside in the county where the process is issued. Peoria Ins. Co. v. Warner, 28 Ill. 433.

No hardship can follow this application of the act, but, on the contrary, great facilities will be offered by it to the creditors of delinquent corporations. Peoria Ins. Co. v. Warner, 28 Ill. 433.

A corporation has no personality that can " be found " beyond the limit of the State that made it. Therefore the Pacific Railway Co. v. McDonald, 91 Ill. 171 is not in point.

Messrs. BERRY & EPLER, for appellee.

The plea is not to the jurisdiction of the court over the subject-matter of the suit, but that it acquired none over defendant. Midland Pac. Ry. Co. v. McDermid, 91 Ill. 170. The course of legislation and judicial decision in Illinois evinces a policy to narrow and limit more and more the power of a plaintiff to sue a defendant out of the county where he resides. Under the practice act of 1827 it was allowable to compel the appearance of a debtor in any county of the State where the creditor might elect. The law was modified by degrees, until now, by statute, a plaintiff can not sue a defendant out of the county " where he resides or may be found," except in local actions or in case of several defendants, and except in case of railroad, bridge or insurance companies. Clark v. Harkness, 1 Scam. 56; Brewster v. Scarborough, 2 Scam. 280; Kenney v. Greer, 13 Ill. 432; Mahoney v. Davis, 44 Ill. 288; Scott v. Waller, 65 Ill. 181; Wallace v. Cox, 71

Ill. 548; T., W. & W. Ry. Co. v. Williams, 77 Ill. 354; Sec. 2, Practice Act of 1872; 2 Starr & C. Ill. Stat. 1773; Sec. 1, Act of April 3, 1873; Id. 1775.

A corporation created by the Legislature can be served only in such manner as the Legislature prescribes. Railroad Co. v. Hecht, 95 U. S. 168.

The controlling statutory provisions are Secs. 2 and 4 of the Practice Act of 1872. 2 Starr & C. Ill. Stat. 1773 and 1777.

The two sections, being *in pari materia* as to corporations, should be construed together, and effect given to all the parts of each. Young v. Stearns, 91 Ill. 221; Com'rs of Highways v. Com'rs of Highways, 100 Ill. 631; St. Peters R. C. Cong. v. Germania, 104 Ill. 440.

Sec. 2 regulates the venue of actions, and Sec. 4 prescribes the mode of service on corporations. The words "in which the suit is brought" in Sec. 4, manifestly refer back to Sec. 2, which determines where suit shall be brought.

Sec. 2 applies to corporations. Clause 5, Sec. 1, of Act on Statutes; 2 Starr & Curtis' Stat. 2330; Bristol v. The Chicago & Aurora R. R. Co., 15 Ill. 436.

Hence, by Sec. 2 a corporation must first reside or be found in the county in which the suit is brought before it can be there served under Sec. 4.

The test of jurisdiction is residence, not citizenship. The terms are not co-extensive, but of different import, whether applied to corporations or natural persons. A corporation is a citizen of the State by whose laws it was created. "The residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions. It dwells in the place where its business is done. It is located where its franchises are exercised." It resides where its principal office is located. Bank of North America v. D. & V. R. R. Co., 82 Ill. 493; Bristol v. The Chicago & Aurora R. R. Co., 15 Ill. 436; Sangamon & Morgan R. R. Co. v. County of Morgan, 14 Ill. 163.

Nor is a corporation resident throughout the State of its creation. It resides in the county where it exercises its franchises or where its principal office is located. This was

directly decided under Sec. 2 of the then practice act, as to the venue of a suit against a domestic corporation, upon a question of local jurisdiction by counties. Bristol v. Chicago & Aurora R. R. Co., 15 Ill. 436, where the company was said to reside in any county through which its road passed and its business was transacted.

So in Peoria Ins. Co. v. Warner, 28 Ill. 429, where the main office was located at Peoria, but it had a local office and a resident local agent doing business for the company in Chicago, the corporation was properly held to reside in Cook county for purposes of jurisdiction and service on the agent was sustained.

The converse must be true. A corporation does not reside in a county where it does no business, exercises none of its franchises and has no office or local agent. A corporation is not ubiquitous in the State of its creation; its residence is where its principal office is situated. Central Bank of Georgia v. Gilson, 11 Ga. 453.

Under the practice acts of other States, as to venue of actions between counties, a corporation has been held to reside where its principal office was located, and to have a local existence like natural persons. Edwards v. Union Bank, 1 Fla. 136; Jenkins v. Cal. Stage Co., 22 Cal. 537, 538; Central Bank of Ga. v. Gilson, 11 Ga. 453.

The Quincy Hotel Company, as its name imports, and by the terms of its organization under the statute, having its principal and only office at Quincy, exercising its franchises and doing business nowhere else—and having no power to go elsewhere, as we contend—has its local residence fixed and established by law in Adams county, and is not ubiquitous throughout the State.

As a corporation can act only by agents, criteria similar to those that determine its residence must be applied to decide where it "may be found" within the meaning of Sec. 2 of the practice act. It can not be said to be "found" in a county unless it has a local office there, or unless it is "doing business" or "exercising the corporate franchise" there through its agents or officers, as was the case in Peoria Ins. Co. v. Warner, 28 Ill. 429.

The negative side of the proposition has not been directly decided in this State as to a domestic corporation, but our Supreme Court has decided the question here at issue as to a corporation of another State.

Where the superintendent of a Nebraska Railway Company, which had no office or local agent, and exercised no franchise, in Illinois, was in Chicago, on no business for the company, but temporarily passing through the county, and he was served with process while there, it was held the service gave the Superior Court of Cook county no jurisdiction over the company. Midland Pacific Ry. Co. v. McDermid, 91 Ill. 170.

And see Union Pacific R. R. Co. v. Miller, 87 Ill. 45.

GARY, J. The hotel is in Quincy in this State. It has no office or business in Cook county. The service of summons was upon a director of the company, who was in Cook county, not upon any business of the company, but temporarily for his own. The validity of this service to give the Circuit Court jurisdiction is attacked by an appropriate plea, and raises the only question in the case.

So far as is applicable to this case, Sec. 2 of the practice act is: " It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found;" and Sec. 4: " An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any * * * director * * * of said company found in the county." Sec. 2 fixes the county in which the suit may be brought, and Sec. 4 the manner of service in that county. The corporation is found wherever it is doing business, but not everywhere that those engaged in its service may for their private business or pleasure stray.

This is consistent with all the cases that the Supreme Court have decided upon the subject, from Bristol v. Chi. & Au. R. R. 15 Ill. 436, to Midland Pacific R. R. v. McDermid, 91 Ill. 170.

The demurrer to the plea was properly overruled, and the judgment abating the suit is affirmed.

*Judgment affirmed.*