### Schillinger Brothers Co. v. Henderson Brewing Co.

1. FOREIGN CORPORATIONS—*Service of Process upon Agent Temporarily in the State, Not Legal.*—Service on an officer of a foreign corporation temporarily in the state for the mere purpose of employing an engineer, is not a legal service on the corporation, under Sec. 26, Ch. 32, R. S.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed March 30, 1903.

DANIEL McCASKILL, attorney for appellant.

WINSTON, BABCOCK, STRAWN & SHAW, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant, plaintiff below, sued appellee, defendant below, in assumpsit. Summons was issued November 3, 1898, and the sheriff returned the summons indorsed as follows:

" Served the within writ on the within named Henderson Brewing Company, a corporation, by delivering a copy thereof to H. J. McAvoy, secretary of said corporation, this third day of November, 1898, the president of said corporation not found in my county.

JAMES PEASE, Sheriff,
By W. H. PEASE, Deputy."

The defendant filed a plea, which, omitting title and venue, is as follows:

" And the said defendant, the Henderson Brewing Company, by Frederick S. Winston, its duly appointed attor-

ney, comes and defends, etc., and says that before and at the time of the commencement of the above entitled action by the said Schillinger Brothers Company, a corporation, it, the said Henderson Brewing Company, was a corporation organized and doing business under and by virtue of the laws of the State of Kentucky, with its office and principal place of business in the city of Henderson, county of Henderson, and State of Kentucky. That since the time of commencement of the suit aforesaid, it, the said Henderson Brewing Company, has been and still is a corporation organized under and by virtue of the laws of the State of Kentucky, and that its principal place of business and its residence was for a long time prior to the commence-ment of said suit, and was at the time of the commence-ment of said suit, and has been hitherto, and now is, in city of Henderson, county of Henderson, and State of Kentucky.

" And the defendant avers that at the time of the com-mencement of said suit the said defendant was not engaged in any business in the county of Cook or in the State of Illinois, or in either of them.

" And the defendant avers that since the time of the commencement of this suit the said defendant has not been engaged, and is not now engaged, in business in the county of Cook or in the State of Illinois, or either of them; and that it is not now and was not at the time of the commence-ment of this suit, and never has been, a resident of the county of Cook or the State of Illinois, or of either of them, and that it was not at the time of the commence-ment of this suit, and is not now, and never has been, engaged in any business in the county of Cook or the State of Illinois; and that it did not have at the time of the commencement of this suit, and has not had since then and hitherto, and has not now, and never has had, any office for the transaction of business in the county of Cook or in the State of Illinois, or in either of them.

" And the defendant avers that since the commencement of this suit, it, the said defendant, has not had any officer or any agent or any office, of any nature whatsoever, in the county of Cook or in the State of Illinois, except as hereinafter stated; and that it has not now any officer or any agent or any office, of any nature whatsoever, in the said county of Cook; and that it did not have at the time of the commencement of this suit any officer or any agent or any office, of any character whatsoever, in the county

of Cook and in the State of Illinois, except as hereinafter stated.

"And the defendant avers that at the time of the commencement of the above entitled action one Herbert J. McAvoy was its secretary, and that the said Herbert J. McAvoy was then and there in the county of Cook in the State of Illinois for the sole and only purpose of employing an engineer in said county of Cook and in the State of Illinois, and that he did employ at such time an engineer to proceed to Henderson, Kentucky, and to take charge of the refrigerating plant of the said brewing company, located and situated in Henderson county, in the State of Kentucky, and that he, the said McAvoy, remained in the said county of Cook no longer than was necessary for the purpose of employing such engineer, and that he did not come to the county of Cook and the State of Illinois for the purpose of transacting any other business than the employing of said engineer, and that he did not transact any business in the county of Cook and State of Illinois other than the employing of said engineer.

"And the defendant avers that, while the said Herbert J. McAvoy was in Chicago for the purpose aforesaid, the writ in this case was served in this cause upon the said Herbert J. McAvoy.

"And the defendant avers that the said defendant is not and was not subject to the service of process so served in this cause upon the said Herbert J. McAvoy, and at the time and place and under the circumstances hereinbefore set forth.

"And the defendant avers that the attempted service of the writ in this cause upon this defendant by serving the same upon the said Herbert J. McAvoy was in violation of the rights of this defendant.

"And the defendant avers that the attempted service of that writ in this cause was not such a service of the said writ upon this defendant as is required by the laws of the State of Illinois.

"All of which the defendant is ready to verify; wherefore it prays judgment if the court here will take cognizance of the action aforesaid."

The plaintiff replied to the plea as follows:

"And the said plaintiff by leave of the court first had and obtained files this its second amended replication to the defendant's plea in abatement herein, and by way of said amended replication the said plaintiff says that the said

writ and the service thereof on said defendant ought not to be quashed by reason of anything the said defendant in its said plea has alleged, because plaintiff says that at the time of the commencement of said suit the said defendant was engaged in business in the county of Cook and in the State of Illinois, and that since the commencement of said suit said defendant has been engaged, and is now engaged in business within the State of Illinois, and within the county of Cook, within said state, and was at the time of the commencement of this suit engaged in business in the State of Illinois, and also within the county of Cook within said state, and at the time of the commencement of this suit did have an office within the said State of Illinois for the purpose of transacting its business, and at the time of the commencement of this suit said defendant did have an officer and an agent within the State of Illinois, and also within the county of Cook in said state, for the purpose of transacting the business of said defendant company, and was at the time of the commencement of this suit subject to be sued within the county of Cook and State of Illinois, and was subject to the service of process therein, and not as the said defendant has alleged in its plea in abatement filed herein. And this the said plaintiff prays may be inquired into by the country."

The court sustained a demurrer to the replication and gave judgment for the defendant.

The sufficiency of the defendant's plea is not questioned by appellant's counsel. His argument is directed to the proposition that service on McAvoy, as stated in the plea, was a valid service on the corporation.

The issue presented by the plea is whether the service on McAvoy was legal service on the defendant corporation, and the issue is not met by the replication. The plea not only avers that the defendant was not, prior to or at the time of the service on McAvoy, engaged in business in this state, etc., but that the sole business of McAvoy in the state at the time of the service was to hire an engineer for the company, and that he remained in the state no longer than was necessary so to do.

Had defendant desired to raise the question of law whether the service on McAvoy, under the circumstances stated in the plea, was legal service on the corporation, it

should have demurred.   But it undertook to traverse the plea and failed to traverse the averment as to McAvoy's sole business in coming to the state, which we regard as a material averment.   By not traversing the averments of the plea as to McAvoy's business here, they must be assumed to be admitted, and appellant's counsel confine their argument to the question whether the service was a sufficient service of the defendant non-resident corporation.   The service of process on foreign corporations doing business in this state is governed by section 4 of the practice act, as construed by the Supreme Court, which is as follows:

"An incorporated company may be served with process by leaving a copy thereof with its president if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent or any agent of said company found in the county, and in case the proper officer shall make return upon such process that he can not in his county find any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any other agent of said company, then such company may be notified by publication and mail in like manner, and with like effect as is provided in sections twelve and thirteen of an act entitled ' An act to regulate the practice in courts of chancery.' "

In Mineral Pt. R. R. Co. v. Keep, 22 Ill. 9, the court, commenting on a similar section then in force, say :

" This act does not seem to be confined to domestic corporations, in its terms, nor do we think it should be, when the purpose of the act is considered.   It seems to us it was designed for just such cases as the present, where railroad companies, having their offices and officers in foreign states, do their business, have their agents and their property in this state."

In Midland Pacific Ry. Co. v. McDermid, 91 Ill. 170, the court say :

" It was certainly never intended that service could be had on a foreign corporation by leaving a copy of the process with any officer or agent of the company that might chance to pass through the state on his private business."

In the same case the court say:

"According to the pleas, defendants were doing business in the State of Nebraska and not elsewhere. That averment excludes the idea that they were doing business in this state, and hence had no agents in this state, within the jurisdiction of our courts."

The averment in the plea in question, on which appellant failed to take issue, is, in substance, that McAvoy was here only temporarily, for the purpose of hiring an engineer for the defendant.

Counsel for appellant rely on section 26, chapter 32 of the statutes, in regard to corporations, which is as follows:

" Foreign corporations, and the officers and agents thereof doing business in this state, shall be subject to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers."

The words "doing business in this state" are assumed by counsel to mean that if an officer or agent of a foreign corporation is temporarily in the state, for the purpose of hiring an engineer, or purchasing machinery, or any other thing for the company, that the company is doing business in the state, in the sense that it may be served with process, by service on its officer or agent, so temporarily within the state. No decision of the Supreme Court going to that extent has been cited, nor do we know of any such decision. By the words " doing business in this state," we understand the corporate business, which the company is, by its charter, authorized to do, and not merely the acquirement of instrumentalities necessary or convenient for the transaction of its corporate business. If the contention of appellant's counsel is correct, service on an officer of a foreign corporation temporarily in the state, for the mere purpose of borrowing money for the corporation, would be legal service on the corporation.

In Bristol v. Chicago & Aurora R. R. Co., 15 Ill. 436, the court say:

" The residence of a corporation, if it can be said to have

a residence, is, necessarily, where it exercises its corporate functions.   It dwells in the place where its business is done. It is located where its franchises are exercised."

Cone v. Tuscaloosa Mfg. Co., 76 Fed. Rep. 891, cited by counsel for appellant, does not support appellant's contention. In that case the defendant, an Alabama corporation, had been, for years, selling its manufactured goods in New York, by its agent residing in New York, and the court held that the defendant so selling its goods was doing business within the state, and that it was properly served with process by service on its resident agent.

Our conclusions are that the demurrer to appellant's replication was properly sustained, and that appellee was not legally served with process.

The judgment will be affirmed.