## The People of the State of Illinois ex rel. E. L. Garey, Appellant, v. Mascot Copper Company, T. N. McCauley, President, J. C. Knapp, Secretary, and D. S. Stevenson, Treasurer, Appellees.

### Gen. No. 22,431.

1. CORPORATIONS, § 179*—*what essential to mandamus to inspect books.* A demand on a corporation by a stockholder for permission to examine the corporation books is an essential prerequisite to the award of a writ of mandamus to compel the corporation to permit such examination.

2. CORPORATIONS, § 179*—*who has burden of proof of demand on mandamus to inspect books.* In a proceeding for mandamus to compel a corporation to permit an examination of its books by a stockholder, the burden of proof of a demand on the corporation is upon the relator.

3. CORPORATIONS, § 179*—*when evidence shows no demand to inspect books.* In a proceeding for mandamus to compel a corporation to permit an examination of its books by a stockholder, a finding of the trial court that there had been no demand made by the relator on the corporation for such examination, *held* not contrary to the manifest weight of the evidence.

4. APPEAL AND ERROR, § 1414*—*when finding of fact not disturbed on appeal.* Where a finding of fact by the trial court is not contrary to the manifest weight of the evidence, the Appellate Court is not at liberty to disturb the findings.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. CORPORATIONS, § 76*—*what corporations not required to keep books for inspection.* J. & A. ¶ 2430, requiring corporations to keep books at their principal offices or places of business and to allow inspection thereof by their stockholders, does not apply to foreign corporations not doing business in this State.

6. CORPORATIONS, § 708*—*when foreign corporation not doing business in State.* A foreign mining corporation, owning mines and transacting business in a foreign State, merely maintaining for convenience in the conduct of its internal affairs an office in this State, leased in the name of its treasurer, and owning no property in the State, aside from some office furniture, the greater part of its directors residing outside the State, is not doing business within the State, within the meaning of the act entitled "Corporations."

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916. *Certiorari* denied by Supreme Court (making opinion final).

FULTON, GAREY & DEUTSCHMAN, for appellant.

TENNEY, HARDING & SHERMAN, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a mandamus proceeding to compel the respondents to permit the relator, Garey, to examine all records, books of account, papers, minute books, stock books, and everything pertaining to the transaction of the business of the respondent corporation. On the hearing in the trial court the writ was denied and relator seeks this review and asks a reversal of the judgment of the Circuit Court.

The relator, on June 2, 1915, became the owner of twenty-five shares of the capital stock of the Mascot Copper Company, said to be of the aggregate value of about $75, and within two days thereafter sought an examination of the company's books, etc., which, being denied, as he claims, relator seeks to compel by this mandamus proceeding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Respondents interpose two answers as bars to relator's right to the writ: First. That no demand for such examination was made on the respondent company or its officers; and second, that the respondent company is a foreign corporation existing in virtue of the laws of the State of Arizona and is neither licensed to nor is it doing business in this State, and consequently the courts of this State have no jurisdiction to grant a writ of mandamus against it.

A demand is an essential prerequisite to the award of the writ, and the burden of proving such demand rests upon the relator in the first instance. *People v. Town of Mt. Morris,* 137 Ill. 576; *People v. Village of Hyde Park,* 117 Ill. 462; *People v. Board of Education,* 127 Ill. 613; and *Venner v. Chicago City Ry. Co.,* 152 Ill. App. 398.

The question of demand was in dispute. It was asserted by relator and denied by the respondents. We are unable to say that the conclusion at which the court arrived is contrary to the manifest weight of the evidence, and therefore we are not at liberty to disturb such finding, as the trial judge, seeing and observing the several witnesses and their manner upon the witness stand, had advantages not possessed by a reviewing court where the unresponsive record only is available. However, it is our opinion that the evidence in the record concerning a demand justifies and supports the finding of the trial court. While it is true a demand not having been proven defeats the right of relator to an award of the writ, yet we feel inclined, in furtherance of justice and to avoid future litigation, to decide the second question raised, viz.: Whether the courts of this State have jurisdiction to award a writ of mandamus against a foreign corporation. If we fail to decide this point at this time, but rest the case on the lack of a demand, relator may make the necessary demand and upon it again petition for a writ of mandamus.

That the respondent company is a foreign corporation created by the laws of the State of Arizona is not in dispute; neither are the facts that the respondent company was organized and is doing business as a mining corporation, and that the scene of its activities is in Cochise county, Arizona, where it owns and operates a copper mine and has between fifty and sixty mining camps upon between nine hundred and one thousand acres of land. It also has interests in a townsite company adjacent to its mines, which townsite is tenanted by its employees, and owns substantially all the stock in a railroad operated between Wilcox and Masco, Arizona. It likewise owns and operates tramways in connection with its mines, seventy-five to one hundred buildings near its mines, a store and warehouse and company offices, in which latter are situate the offices of the company's engineering department, its local counsel and its general office force, and where the books relating to its business are also kept. In fact, all of its affairs and business are conducted in the State of Arizona and not in the State of Illinois. For convenience in the conduct of the internal affairs of the company, an office is maintained in the City of Chicago, the lease of which stands in the name of its treasurer. All the company's contracts for material, supplies and employment are made in Arizona and not in Illinois. Out of eleven directors only three reside in Chicago, and aside from some office furniture the company has no property in this State. We hold that section 13, ch. 32 (J. & A. ¶ 2430) title "Corporations," which reads: "It shall be the duty of the directors or trustees of every stock corporation to cause to be kept at its principal office or place of business in this State, correct books of account of all its business, and every stockholder in such corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the

records and books of account of the corporation,'' has no application to foreign corporations, but relates solely to domestic corporations, and we find that the respondent company was not doing business in the State of Illinois at or before the filing of the petition for mandamus in this case. The Corporation Act, *supra,* has no application to foreign corporations, except as therein specifically mentioned or designated, or where by necessary implication from the context it is clear that a foreign corporation is intended to be brought within some provision of the act. Section 13, *supra,* does not fall within any of these exceptions. If the respondent company was doing business in this State, then, conforming to the foregoing *dicta,* section 26 of the act (J. & A. ¶ 2443) would apply and make it amenable to the provisions of section 13, *supra;* but, as we have already pointed out, it is not. We think *Wincock v. Turpin,* 96 Ill. 135, and *Mead v. Davies,* 84 Ill. App. 558, which decide that section 25 of the Corporation Act (J. & A. ¶ 2442) does not apply to foreign corporations, may by parity of reasoning be made equally to foreshadow a rule applicable to section 13, *supra;.* at least we so hold.

On fact and principle, *Bradbury v. Waukegan & W. Mining & Smelting Co.,* 113 Ill. App. 600, is analogous to the instant case. The situation there is similar in all its controlling features to the case at bar. In the *Bradbury* case, *supra,* it was held that the corporation was not doing business in Illinois and that therefore the court had no jurisdiction over it in virtue of the Corporation Act, *supra,* and such is our conclusion in this case. Having an office within this State for the convenience of the corporation in managing some of its internal affairs, all of its property, together with its chief offices and place of business, being situate and its business carried on in the State of its creation, where most of its officers also resided, does not con-

stitute the doing of business in this State. *A. H. Woods Production Co. v. Chicago, C. & L. R. Co.*, 147 Ill. App. 568; *Booz v. Texas & P. Ry. Co.*, 250 Ill. 376.

The judgment of the Circuit Court, being right, is affirmed.

*Affirmed.*