Morley Maguire, Appellee, v. Peoria and Pekin Union
Railway Company, Appellant.

Gen. No. 34,971.

Opinion filed January 20, 1932.    Re-
hearing denied February 1, 1932.

Vernon W. Foster and Eugene E. Horton, for appellant.

Joseph D. Ryan, for appellee; Frank Johnston, Jr., of counsel.

Mr. Justice Friend delivered the opinion of the court.

Plaintiff brought suit in trespass on the case under the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 *et seq.*, in the superior court of Cook county, to recover damages for injuries sustained by him while an employee of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, commonly known as the Big Four, because of the alleged negligence of the defendant, Peoria and Pekin Union Railway Company. The case was tried before the court and a jury resulting in a verdict and judgment in favor of the plaintiff for $18,000.

Suit was originally commenced against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the Peoria and Eastern Railway Company on May 25, 1929. By an order of court entered on July 16, 1929, leave was granted to make the Peoria and Pekin Union Railway Company, the appellant herein, an additional party defendant, and to amend the pleadings. Summons was issued, directing the sheriff of Cook county to summon the Peoria and Pekin Union Railway Company, a corporation, and the return of the sheriff of Cook county showed service of the writ by delivering a copy thereof to John L. Beven, chairman of the board and agent. The declaration thereafter filed on July 22, 1929, based upon the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 *et seq.*, did not charge a joint liability or cause of action against all the defendants therein named, but alleged negligence and liability only against the

defendant, Peoria and Pekin Union Railway Company, appellant herein. During the trial the other two defendants were dismissed from the case, counsel for plaintiff stating that the other railroads had never been charged with negligence and were not in the case.

The first count of the declaration under which the cause was heard alleged in substance that on November 3, 1928, the Peoria and Pekin Union Railway Company, defendant herein, owned, controlled, and operated a terminal yard in the City of East Peoria, Illinois, which was used by defendant in its business as a common carrier in interstate commerce and in switching and moving freight cars in interstate transportation, and in making up trains and transferring cars and trains by means of connecting tracks to other common carriers by railroad, then using said yard with the permission and consent of the defendant; that on said date plaintiff was employed as a switchman for the Peoria and Eastern Railway Company and was rightfully in said terminal yard in the course of his employment; that said Peoria and Eastern Railway Company, by virtue of a certain lease previously entered into between it and said defendant, was authorized and permitted to operate its engines and cars over the defendant's railroad and terminal yard; that said Peoria and Eastern Railway Company was on the date aforesaid, at the invitation and with the knowledge and consent of defendant, using said yard, and the Peoria and Eastern Railway Company, in whose employment plaintiff was engaged in interstate transportation, by virtue of the permission granted to it by defendant, then and there became and was the lessee, agent and substitute of the defendant; that by reason of the relationship thus created, defendant became and was subject to a certain act of Congress known as the Federal Employers' Liability Act; that it was the

duty of defendant to exercise ordinary and reasonable care in the management and operation of its railroad and terminal yard in the making up of said train so as not to injure the plaintiff, or expose him to unusual or extraordinary hazards; that while plaintiff was standing upon one of the cars constituting said interstate train, the defendant negligently operated an engine along the track on which the train was being made up and propelled said engine against the train of cars, causing the same to be moved suddenly and with unusual force and violence, by reason whereof plaintiff was thrown or caused to fall from the car and to sustain the injuries complained of.

The second count adopted the first paragraph of the first count, and further alleged that it was the duty of plaintiff, as brakeman, to enter said yard and accompany the said train on its interstate journey; that it was his regular and customary duty to board said train after it was made up by defendant and before the caboose was attached thereto and while it was at a standstill, to adjust and release the brakes on certain of the cars constituting said train, and that in the performance of said duty and in the course of his employment, plaintiff did board one of the cars and release the brakes; that defendant, without any notice or warning, carelessly and negligently operated said locomotive along the track and with unusual force propelled said engine against the cars, causing them to jar and move forward unexpectedly and throw plaintiff from said car, as a result of which plaintiff sustained the injuries alleged in the first count.

To this declaration defendant filed a plea to the jurisdiction of the court, and under date of December 20, 1929 by leave of court, filed an amended plea to the jurisdiction, as follows:

"And now comes the above named Peoria & Pekin Union Railway Company, a corporation, by its attorney, and limiting its appearance herein to the sole

purpose of this amended plea, by leave of the court first had and obtained, files this, its amended plea to the jurisdiction of this court, and thereby comes and defends, etc., and says that at the time of the commencement of this suit and prior thereto and from thence hitherto it was and is a railroad company, duly organized and existing under and by virtue of the laws of the State of Illinois, by virtue of articles of incorporation, dated September 25, A. D. 1880; that in and by its said articles of incorporation it is authorized and empowered to build or acquire railroads in the Counties of Peoria and Tazewell, Illinois, and not elsewhere, with its principal office in the City of Peoria, Illinois; that since its organization it has owned and operated a railroad in the said Counties of Peoria and Tazewell, Illinois, and not elsewhere, and that its principal office has been and still is in the said City of Peoria; that its place of residence since its organization has been in the said Counties of Peoria and Tazewell, Illinois, and not elsewhere; that its said railroad has never extended into or through the said County of Cook, nor has it done or transacted the business authorized by its charter therein; that at the time of the alleged service of the process of summons in this case upon J. L. Beven, as a director of this company, it was not a resident of nor was it doing business in said County of Cook, nor was it found therein.

"This defendant further avers that the plaintiff herein has sought to confer jurisdiction on this court to try said cause against this defendant by causing service of summons to be made upon one J. L. Beven, a resident of Cook County in the State of Illinois, as a director of this defendant; and the defendant says that said J. L. Beven is a director of this defendant, but at the time of said alleged service of summons he was not in said Cook County for the purpose of transacting its business, nor was he then transacting the business of this defendant in said county; that the said

J. L. Beven at the time of the said service upon him resided in Cook County and was there for the purpose of transacting his own personal business and the discharge of his duties as a vice president of the Illinois Central Railroad Company, with which he was at the said time and still is connected, and not for the purpose of doing or transacting the business of this defendant. And this it is ready to verify, wherefore it prays judgment if this court will take cognizance of the action aforesaid against this defendant.

"PEORIA & PEKIN UNION RAILWAY COMPANY,
By Eugene E. Horton,
Its Attorney."

Plaintiff demurred to the amended plea to the jurisdiction, and the court, by its order of February 1, 1930, sustained the demurrer and ordered the defendant to plead over on or before the 24th day of February, 1930. Thereupon, on February 21, 1930, the defendant filed its plea of the general issue, which stated that it was not intended thereby to waive its objection to the jurisdiction of the court over the defendant, but that said plea was filed in obedience to the order of the court that it plead over.

Among other assignments of error, defendant insists that the superior court of Cook county acquired no jurisdiction over the defendant; that having filed its amended plea to the jurisdiction to which a demurrer was sustained by the court, and having been directed by the trial court to plead over, it has a right to raise the jurisdictional question upon appeal to this court.

By its demurrer to the defendant's amended plea to the jurisdiction, plaintiff admits that defendant is a corporation organized under the laws of Illinois, limited by its charter powers to building or acquiring railroads in the counties of Peoria and Tazewell, and that its principal office is in Peoria, Illinois; that since its organization it has owned and operated a railroad

in said counties of Peoria and Tazewell and not elsewhere, and that its principal office has been, and still is, in the City of Peoria; that its residence is in the counties of Peoria and Tazewell, Illinois, and not elsewhere, and that its railroad does not extend into or through the county of Cook, and that at the time of the alleged service of process upon John L. Beven it was not a resident, nor was it doing business in Cook county; that said Beven is a director of the defendant, but at the time of the alleged service he was not in Cook county for the purpose of transacting the business of the defendant, nor was he transacting such business within said county; that he resided in Cook county and was there for the purpose of transacting his personal business and the discharge of his duties as vice president of the Illinois Central Railroad Company. Two sections of the Practice Act provide the proper venue and the method of obtaining service upon railroad corporations in the State of Illinois. Cahill's St. ch. 110, ¶ 6 (section 6, chapter 110, Smith-Hurd Illinois Revised Statutes 1929) provides:

"It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant, individual or corporate, the plaintiff commencing his action where either of them resides, may have his writ or writs, issued directed to any county, or counties where the other defendant, or either of them may be found: *Provided,* that if a verdict shall not be found or judgment rendered against the defendant or defendants, resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action, nor then, if the action is dismissed as to the defendant, or defendants, resident in the county. Actions against a railroad or bridge

company, may be brought in the county where its principal office is located, or in the county where the cause of action accrued, or in any county into, or through which its road or bridge may run.''

Section 8 of the same chapter, Cahill's St. ch. 110, ¶ 8, provides:

''An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought, . . . If he shall not be found in the county, . . . then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county . . . ; and, in case the proper officer shall make return upon such process that he cannot in his county find any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any other agent of said company, then such company may be notified by publication and mail in like manner and with like effect as is provided in sections twelve (12) and thirteen (13) of an Act entitled 'An Act to regulate the practice in courts of chancery.' ''

The inquiry presented by the assignment of error upon the jurisdictional question is whether the superior court of Cook county had jurisdiction over the Peoria & Pekin Union Railway Company, defendant in this cause. In the consideration of this question, it will be assumed as fact upon the state of the pleadings that the defendant had its residence and conducted its business only in Peoria and Tazewell counties, Illinois, and not elsewhere, and that the director of defendant, upon whom service was had in Cook county, while residing in said county, was not transacting the business of the defendant, but was there on his personal business and in pursuance of his duties as vice president of another railroad.

The Supreme Court of Illinois, in the early case of *Bristol v. Chicago & Aurora R. Co.*, 15 Ill. 436, held that the language implied by the statute which preceded section 6 of the Practice Act should be deemed to extend to and include bodies politic and corporate as well as individuals, and in passing upon the question as to whether the C. & A. R. R. could lawfully be sued in Cook county, laid down the following general rule:

"Unless, therefore, the corporation had a legal residence in Cook county, the court was without jurisdiction and the suit was properly dismissed. The residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions. It dwells in the place where its business is done. It is located where its franchises are exercised. It is present where it is engaged in the prosecution of the corporate enterprise. This corporation has a legal residence in any county in which it operates the road or exercises corporate powers and privileges. In legal contemplation, it resides in the counties through which its road passes, and in which it transacts its business."

It appears to be the settled rule in this State and elsewhere that service upon a director under circumstances such as these confers no jurisdiction as to his corporation. *Silsbee v. Quincy Hotel Co.*, 30 Ill. App. 204, is one of the early and leading cases wherein the foregoing sections of the Practice Act were discussed and construed. The defendant, Quincy Hotel Company, resided in Quincy, in the State of Illinois. It had no office or business in Cook county. The service of summons was upon a director of the company who was in Cook county, not upon any business of the company, but temporarily on a mission of his own. The validity of the service there had to confer jurisdiction upon the circuit court of Cook county, was attacked by an appropriate plea and constituted the only

question arising in that case. In the course of its opinion, the court said:

"So far as is applicable to this case, section 2 of the Practice Act is: 'It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found' and section 4: 'An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any . . . director . . . of said company found in the county.' Section 2 fixes the county in which the suit may be brought, and section 4 the manner of service in that county. The corporation is found wherever it is doing business, but not everywhere that those engaged in its service may for their private business or pleasure stray.

"This is consistent with all the cases that the Supreme Court have decided upon the subject from *Bristol v. Chicago & Aurora R. Co.,* 15 Ill. 436, to *Midland Pacific R. R. Co. v. McDermid,* 91 Ill. 170."

The court held that the demurrer to the plea attacking the jurisdiction of the court was properly overruled. The jurisdictional facts were precisely the same as those in the instant case and we regard the rule there announced as consonant with the established law of this State.

Plaintiff cites *American Hide & Leather Co. v. Southern Ry. Co.,* 310 Ill. 524, and other cases where jurisdictional questions arose. It appears from a reading of these decisions, however, especially in the *Southern Ry. Co.* case, that an agent of the railroad company was present in Cook county and employed to solicit business there, occupying an office furnished by his company for that purpose. The averments of defendant's amended plea in the case before us expressly negatives any inference that would justify the

court in assuming that defendant's director was present in Cook county as agent for defendant or authorized to solicit or carry on business there.

The question has frequently arisen in other jurisdictions as to whether the residence of an officer or director of a corporation necessarily gives the corporation a domicile in the foreign State for the purpose of service, and it has been generally held that the officer or director must be there, officially representing the corporation in its business, or in other words, that the corporation must be doing business in the foreign State in order to render service upon the officer valid. *Conley v. Mathieson Alkali Works,* 190 U. S. 406; *Atchison, T. & S. F. Ry. Co. v. Weeks,* 254 Fed. 513. Thus in *Empire Fuel Co. v. Lyons,* 257 Fed. 890, the plaintiff was a resident of West Virginia and brought suit against the Coal Company in Ohio for breach of contract. Summons was served upon one Hutchinson, general manager of the defendant, who lived about one-half of the time in Cincinnati, Ohio. Defendant moved to quash the service on the ground that defendant was not doing business in Ohio, and the court, in the course of its opinion, said:

"The effectiveness of the service of summons, and thus the jurisdiction of the court below, depends upon whether defendant was doing business in Ohio, 'in such a manner and to such an extent as to warrant an inference that through its agents it was present there.' If defendant was doing business in Ohio, service on Hutchinson gave jurisdiction. Defendant had acquired no permission under the statutes of Ohio to do business in that State. Its main office was at Fairmount, West Virginia; its mining office, at Hugheston, in that State. Mr. Hutchinson, its general manager in charge of operations, spent about one-half of his time at Hugheston, the remainder at Cincinnati, where he resided, going back and forth from Cincinnati to the

mines. He was the managing agent of the Hutchinson Coal Company, which maintained an office at Cincinnati, where Hutchinson kept 'an Empire Fuel Company file' 'for his personal reference and for the Hutchinson Coal Company,' and carried on from Cincinnati such correspondence as was necessary between himself and persons at the mines. But this, standing alone, was not enough to constitute a doing of business by defendant in Ohio.''

On principle there is no distinction between cases where the jurisdictional question arises as between the domiciliary and a foreign State on the one hand and cases such as the instant proceeding, where the question of venue is raised as between two counties in the same State, because the test generally applied is whether the defendant is present in the jurisdiction which is sought to be invoked in such a manner and to such an extent as to warrant an inference that through its agents it was present and doing business there. The averments of the amended plea in the case before us so completely exclude every essential statutory requirement upon which jurisdiction in Cook county could be based, as to leave little room for doubt. Plaintiff here resides in Champaign, Illinois, and the defendant resides and has its place of business in Peoria and Tazewell counties, and not elsewhere, with its principal office at Peoria. Its railroad, according to the averments of the amended plea, has never extended into or through Cook county, it has never transacted business in Cook county, nor was it doing business there at the time of the alleged service. Any inference that may have existed as to the presence of its director in Cook county upon business of the corporation is completely negatived by the averments of the amended plea.

It will be noted that the last clause of section 6, chapter 110 of Cahill's Illinois Revised Statutes specifically provides that:

"Actions against a railroad or bridge company, may be brought in the county where its principal office is located, or in the county where the cause of action accrued, or in any county into, or through which its road or bridge may run."

Under the averments of the amended plea it must be assumed that defendant had its principal office in Peoria county, that the cause of action accrued in said county and that defendant's road never extended beyond the boundaries of Peoria and Tazewell counties, and therefore, in the absence of any showing that defendant transacted business in Cook county, none of the facts contemplated by the statute existed to vest the superior court of Cook county with jurisdiction over the defendant.

Under the provisions of Cahill's St. ch. 110, ¶ 6 (section 6, chapter 110, Smith-Hurd's Illinois Revised Statutes), a defendant domiciled in another county may be made a codefendant with those residing or found in the county where the action is brought. In the instant case the other two railroads first made defendants, were found in Cook county and the Peoria and Pekin Union Ry. Co. was joined as an additional party under the provisions of the foregoing statute. When the original defendants were dismissed from the case, however, the proviso of section 6, which states that "if a verdict shall not be found or judgment rendered against the defendant or defendants, resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action, nor then, if the action is dismissed as to the defendant, or defendants, resident in the county," became applicable. The remaining defendant challenged the jurisdiction of the court at the earliest opportunity and even after it was ordered to plead reserved the jurisdictional point. Under the

circumstances we are of the opinion that it did not "appear and defend" and, therefore, section 6 is directly applicable to the situation here presented. Furthermore, the action was dismissed as to the defendants resident in Cook county and the action should therefore have been dismissed as to the remaining party in compliance with the statute.

Various technical objections are urged as to the form and substance of the amended plea, which upon careful consideration appear to us to be without merit.

We are of the opinion that the court erred in sustaining the demurrer to the amended plea in abatement. Because of our conclusion upon this question, it will be unnecessary to consider the other assignments of error. The cause is reversed and remanded with directions to the trial court to set aside the judgment and also the order sustaining the demurrer to the amended plea, to overrule said demurrer and to allow such further proceedings as may be consistent with the views herein expressed.

*Reversed and remanded with directions.*

HEBEL, P. J., and WILSON, J., concur.

Since filing our opinion herein, appellee has filed a motion to strike out the remanding portion of the order, and in support of said motion filed suggestions admitting of record that upon any future proceeding or trial of said cause appellee would be unable to produce or introduce any further or additional proof than that already of record in said cause to show that appellant was or is doing business in Cook county, Illinois, and would be unable to obtain any better or different service or process upon the appellant than that already obtained, which said motion was allowed. Therefore, our original order of January 20th is modified in accordance with appellees' suggestions and admissions and the judgment of the superior court of Cook county is herewith reversed without remanding.

*Reversed.*

HEBEL, P. J., and WILSON, J., concur.