The First Central Trust Company, Successor to the First-City Trust and Savings Bank, Appellant, v. H. I. Gelvin, Inc., Appellee.

Gen. No. 8,770.

Opinion filed October 13, 1933.

A. E. CAMPBELL, for appellant.

F. T. CARSON, for appellee; J. M. MITCHEM, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought by the appellant, the First Central Trust Company, of Akron, Ohio, in the circuit court of Champaign county, against the appellee, H. I. Gelvin, Inc., of Columbus, Ohio, which is also a foreign corporation, to recover rent claimed to be due by the appellee under the terms of a lease made in Akron,

Ohio, as rent for buildings in Akron, Ohio. The summons in the case was served on H. I. Gelvin, who is a resident of Champaign county, as president of the corporation sued. The corporation thereafter appeared in court and filed a plea to the jurisdiction of the court to abate the suit. The plea filed is as follows:

"H. I. Gelvin, Inc., a corporation, by F. T. Carson, its attorney and limiting its appearance herein to the sole purpose of this plea comes and defends, etc. and says that at the time of the commencement of this suit, and prior thereto, and from thence hitherto, it was and is a corporation duly organized and existing under and by virtue of the laws of the State of Ohio, by virtue of articles of incorporation, dated the 4th day of September, A. D. 1931; that in and by its said articles of incorporation it is authorized and empowered to do business in the city of Akron, State of Ohio, with its principal office in the city of Columbus, Ohio; that since its organization it has operated a business in the State of Ohio and not elsewhere, and that its principal office has been and still is in the said City of Columbus, Ohio; that it has never done or transacted business authorized by its charter in the County of Champaign and State of Illinois; that at the time of the alleged service and process of summons in this cause upon H. I. Gelvin, as President of the said company, it was not a resident, nor was it doing business in the County of Champaign, State of Illinois, nor was it found therein. And this defendant further avers that the plaintiff herein has attempted to confer jurisdiction in this court to try said cause against this defendant, by causing service of summons to be made upon one, H. I. Gelvin, a resident of the County of Champaign and State of Illinois, as President of this defendant, and this defendant says that the said H. I. Gelvin is the President of this defendant, but that at the time of said alleged service of summons he was

not in said Champaign County, for the purpose of transacting the business of this defendant, nor was he then transacting the business of this defendant in said County; that the said H. I. Gelvin at the time of said service upon him resided in Champaign County, State of Illinois, and was there for the purpose of transacting his own personal business, and not for the purpose of doing or transacting the business of this defendant, and this it is ready to verify; Wherefore it prays judgment if this court will take cognizance of the action aforesaid against this defendant, H. I. Gelvin, Inc., a corporation.''

A demurrer was filed and sustained to the plea; but by leave of court, it was thereupon amended by adding the averments that the corporation sued is not found in Champaign county; and that it had never transacted business in Champaign county; nor in the State of Illinois. The appellant filed a replication to the amended plea alleging that the corporation at the time of the suit was, and that it had been, doing business in the county of Champaign and State of Illinois, and that it had been found therein. The issue was joined on the replication and the case proceeded to trial by the court (a jury trial having been waived by the parties).

After hearing the evidence, the court found the issues in favor of the appellee; and ordered, that the writ be quashed and that the suit abate. This appeal is from the judgment rendered abating the suit.

There is no dispute about the law governing the rights of a foreign corporation to do business in this State. In the case of *Edwards v. Schillinger,* 245 Ill. 231, 239, the Supreme Court said:

''It is a just and reasonable theory that a business corporation is constructively present, outside of the State of its origin, wherever it has property and carries on its operations by means of agents. . . . That

service of process could be had upon agents of foreign corporations within the State in the same manner as on agents of local corporations."

The same question was passed on in the same way in *American Hide & Leather Co. v. Southern Ry. Co.*, 310 Ill. 524, 529. In the latter case the court said: "A business corporation is constructively present in any State where it has property and carries on its operations by means of agents, although the domicile of the corporation is in another State. If a foreign corporation does business in the State through agents, it may be sued there by obtaining service on the agent."

The evidence in this case clearly shows that the business which the appellee corporation was organized for and engaged in, was to carry on the manufacturing and selling, both at wholesale and retail, and dealing in, popcorn and popcorn confections generally. Doing business does not mean the performance of matters pertaining to the organization or the management of the corporation, but the transactions of the ordinary business in which a corporation is engaged by the exercise of its corporate powers. *Booz v. Texas & Pacific Ry. Co.*, 250 Ill. 376; *Empire Fuel Co. v. Lyons*, 257 Fed. 890; *Maguire v. Peoria & Pekin Union Ry. Co.*, 264 Ill. App. 333.

So it has been held that maintenance of an office in Illinois where the secretary and treasurer of a Washington corporation kept books and accounts of the corporation and its stockholders, issued shares of stock, and held director's meetings is not "doing business" in Illinois. *Bradbury v. Waukegan & Washington Mining & Smelting Co.*, 113 Ill. App. 600.

Also, that having an office in this State for the convenience of the corporation in managing its internal affairs, all of its property, with its chief offices and places of business being carried on in the State of its creation does not constitute doing business in this State. *People v. Mascot Copper Co.*, 202 Ill. App. 151.

There is no evidence in the record from which an inference could be reasonably drawn that the appellee corporation ever at any time manufactured or sold any popcorn or any popcorn confections, at wholesale or retail, or otherwise, in this State, or that it ever at any time had any agents in this State for the purpose of transacting the business in which it was engaged; or that it at any time transacted the business in which it is engaged, in Champaign county, or in the State of Illinois.

For the reasons stated we conclude that the finding and judgment of the court is in accordance with the law and the evidence; and the judgment is therefore affirmed.

*Judgment affirmed.*