**Martin GARBE, as Trustee in Bankruptcy of Mattoon City Drugs, Inc., Plaintiff-Appellee,**

v.

**HUMISTON, KEELING AND COMPANY, Defendant-Appellant.**

**No. 11890.**

United States Court of Appeals Seventh Circuit.

April 2, 1957.

Rehearing Denied April 23, 1957.

Philip A. Rose, Robert C. Pierce, Chicago, Ill., for appellant.

Ralph E. Suddes, Mattoon, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

We are here presented with this question arising under Illinois law: Is a chattel mortgage executed by an Illinois corporation valid as against its creditors when it is recorded only in the county where its sole place of business and the mortgaged property are located, even though its articles of incorporation set forth that its initial registered office and agent are in another county?

The mortgagee is Humiston, Keeling and Company, an Illinois corporation, and the mortgagor is Mattoon City Drugs, Inc., which was incorporated in Illinois on October 31, 1952. The mortgage was executed March 1, 1954, at Chicago, Cook County, and recorded in the recorder's office of Coles County, Illinois, on March 4, 1954. It covers the fixtures in a drugstore operated by mortgagor in Mattoon, Coles County. The mortgagor having defaulted in its payment, the mortgagee foreclosed by taking physical possession of the fixtures. Three days later the mortgagor filed a voluntary petition in bankruptcy in the district court, which at first stayed and later permitted a sale to be had, from which $14,000 was realized. The plaintiff, as trustee in bankruptcy, filed an action in the district court, in which his amended complaint prayed, *inter alia*, that the chattel mortgage be declared void as against him and that the court enter a judgment for $14,000 in his favor and against the mortgagee.

The case was tried on the amended complaint and mortgagee's answer thereto. From the evidence heard, it appeared that the drugstore in Coles County was the only place of business of the mortgagor, and further, that all of its books and records were kept at Canton, Fulton County, where its president lived. The articles of incorporation specified 232 West Pine St. in Canton as the address of its initial registered office in the state of Illinois and gave Bernard G. Maxwell as the initial registered agent at said address.

The district court was of the opinion that the mortgage was invalid as against the trustee in bankruptcy because it was not recorded in Fulton County, "the residence of the bankrupt corporation".

The provisions of the Illinois statute which are relevant here, § 4, ch. 95, R.S. Ill.1953, vol. 2, 185, are as follows:

" * * * Such mortgage * * * shall be filed or recorded with the recorder of the county in which the mortgagor shall reside at the time when the instrument is executed and recorded and, in the event the property is not in such county at such time, a certified copy thereof shall be filed with the recorder of the county where the personal property is then situated * * *."

While it has been said that a corporation has residence only in a figurative sense, Friend & Co. v. Goldsmith & Seidel Co., 307 Ill. 45, 50, 138 N.E. 185, it was early held that the residence of a corporation, if it can be said to have a residence, is necessarily where it exercises corporate functions, that it dwells in the place where its business is done, and that it has a legal residence in any *county in which it exercises corporate powers and privileges.* Bristol v. Chicago & A. R. R. Co., 15 Ill. 436.

The effect of the statutory provisions above quoted is that the corporate mortgagor had a residence where it carried on its corporate business. That was in Coles County, where its drugstore was located. Both the statute and the court decisions in Illinois point to this conclusion. Practically, a creditor of the mortgagor would expect to search in the recorder's office of Coles County for any chattel mortgage which might have been executed by it. It was in that county that the mortgagor was carrying on its business and the mortgaged property was located. He would not be expected to go to Fulton County to make such a search. The law did not require him to do so. In the latter county no business was being carried on by the mortgagor.

We hold that the mortgage was properly filed for record in Coles County and, inasmuch as it was so filed more than four months before the petition in bankruptcy was filed, it was valid as against the trustee in bankruptcy and creditors.

It is unnecessary to pass upon other points raised in the briefs.

For these reasons the judgment of the district court is reversed and this cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded with directions.

FINNEGAN, Circuit Judge (dissenting).

Self-imposed judicial restraint prevents me from attributing inconsistency and unawareness to the General Assembly of Illinois when it amended the statutory provisions governing chattel mortgages some time after the Business Corporation Act, Ill.Rev.Stat.1955, chap. 32, § 157.1 et seq. had been in effect. The generalization in Bristol v. Chicago & A. R. R. Co., 1854, 15 Ill. 436, was announced long before the Business Corporation Act required and defined registered office and registered agents for corporations and some time prior to the chattel mortgage provisions relevant here. The district judge recognized these important elements in his opinion, entered as findings of fact and conclusions of law, and I would affirm the final judgment brought here for review. Recording acts are especially sensitive areas at the state level affecting titles, liens and property rights and I would approach this type of case in a cautionary mood according considerable weight to a State's modern legislative mandate controlling chattel mortgages in comparison with an early case interpreting the meaning of an old Illinois Practice Act provision giving rise to a question of venue for a suit against a railroad.