## CIRCUIT COURT OF WARREN COUNTY

Lake Carroll Holdings

v.

Bunning

Case No. (Law) 7164

Oak View Corporation

v.

Bunning

Case No. (Law) 7166

June 10, 1986

By JUDGE HENRY H. WHITING

This Court has before it demurrers (treated by agreement as motions to dismiss) to two common law actions filed against the defendant by his former employers seeking to recover advances made to him by those employers. He contends that these actions cannot be maintained in the Courts of Virginia unless and until both such corporations "domesticate" in Virginia since they were "doing business" in Virginia at the time the alleged causes of action arose.

The parties have submitted the case to the Court on the discovery taken. It establishes that the defendant was a general sales manager for both such corporations supervising the employees of those two corporations and a Virginia corporation, all engaged in selling time sharing

interests in recreational property in a number of states. However, it is conceded by the defendant that no such sales were made by either of the plaintiff corporations in Virginia but, on the contrary, all such sales were in states other than Virginia. The defendant's contention is that as such sales manager of those two corporations he operated in Virginia, keeping an office here, giving directions over the telephone for activities in the other states and occasionally holding meetings in this state with officials of those corporations having to do with their business in the other states. The defendant exhibits a large number of documents of one of the corporations but has not demonstrated that any of these documents deal with anything having to do with the conduct of the corporate business of selling time sharing interests in the State of Virginia.

The fatal flaw of the [defendant's] argument is a failure to distinguish between the business of the corporation in selling the time sharing interests and the staff and support work necessary to carry out that function. As Section 8473 *Fletcher on Corporations* (Revised Permanent Ed. 1977) points out, transactions within the corporation itself are not held to be doing business so as to require domestication, and the succeeding section outlines a number of instances thereof: "the mere maintenance of an office there which serves as a place of accounting or for the meeting of directors or officers, or as a mere accommodation of its traveling salesmen, or as a showroom, or for the transaction of business outside the state." In footnote 10 on page 537, *Fletcher* cites *People v. Mascot Copper Co.*, 202 Ill. App. 151, as holding that:

> A foreign mining corporation whose property is located and business done in its domestic state and the greater part of whose directors reside in that and other states cannot be said to be doing business in another state by reason of the fact that, for convenience in the conduct of its internal affairs, it maintains an office in the latter state, leased in its treasurer's name, and has therein some office furniture, the only property which it has in the state.

*Fletcher* also points out that ordinarily the making of a contract in a state does not necessarily subject the corporation to the domestication statute "where the contract relates to dealings and transactions to be carried on outside the state, or to property located outside the state, or to interstate business, or to matters preliminary to the carrying on of business in the state." *Id.* at 545. Judge Warriner held that preliminary preparations to build a plant in Virginia, including hiring a contract supervisor and a number of other activities, did not require a manufacturing corporation to domesticate in Virginia so as to subject its directors and officers to individual liability for failure to do so on its breach of contract to the architect. In *Continental Properties, Inc. v. Ullman Co.,* 436 F. Supp. 538 (E.D. Va. 1977), he points out the important distinction which must be made in deciding each of these "doing business cases," enunciated in *Tignor v. L. G. Balfour & Co.,* 167 Va. 58, 62 (1936), noting the considerable difference between those cases involving service of process upon a foreign corporation and those involving domestication or qualification under regulatory statutes dealing with foreign corporations and the fact that in those regulatory statutes the test for doing business is a higher one than one in which service of process only was involved; indeed, in the *Ullman* case the Ullman Company was held to have been doing business for purposes of "process" but not to have been doing business in connection with its requirement of domestication.

 *Pennington v. McDonnell-Douglas Corp.,* 576 F. Supp. 868 (E.D. Va. 1983), does not support the defendant in this case. In that case two employees performed essential parts of the corporate function of the sale of airplane ejection sets for an English firm in Virginia. One employee kept a record of all complaints, investigated malfunctions, lectured and advised on the maintenance of the product, produced drawings and assisted Navy personnel when the systems were being overhauled and filed monthly reports of his activities. His activities were also said to be directly connected with the sale of spare parts in Virginia, totaling over $50,000 a year, and about forty percent of all of the seats sold in the United States were found to have been overhauled in Virginia. The other employee

regularly called upon the "Pentagon," the principal customer in the United States, spent thirty hours a week promoting the product and maintaining close relations with the customers on behalf of the business. Neither of these employees were "support staff" indirectly involved in the corporate function. In this case Mr. Bunning was directly involved in supervising the sales of the employees of the two corporations *in the other states*. Neither of the corporations had any employees exercising their essential function in the State of Virginia. The only function the defendant can ascribe to these corporations in Virginia is the maintenance of an office assisting Bunning in the performance of his out-of-state duties relating to those corporations. Neither Virginia authority nor authority in other states supports the defendant's contention, and the demurrers must therefore be overruled insofar as they relate to the disqualification of the plaintiffs to sue in Virginia.

The Court raised the question of whether the Virginia statute could be construed to apply to this transaction since it appeared to the Court to affect only interstate and not intrastate commerce. Virginia has pointed out that the commerce clause question could be raised as a defense if the evidence did not show sufficient local activities. *Thaxton v. Commonwealth*, 211 Va. 38, 43 (1970). In that case the evidence showed that the non-resident corporation conducted a number of activities in the state in furtherance of its essential corporate functions, the main issue turning on whether the persons conducting those activities were independent contractors or agents.[1] Section 847, *Fletcher on Corporations*, seems to cover the interstate commerce issue and to indicate

[1] Golding Brothers v. Overnite Transportation Co., 214 Va. 270 (1973), points out that even though a corporation did not haul freight into the state, if it had an agent in the state who conducted extensive solicitation of its business within the state and assisted in collecting the charges for freight hauled and adjusting freight claims, those activities provided the requisite local activity to constitute doing lbusiness. Both Golding and Thaxton indicate the fact pattern essential to be shown to require a corporation to register in the state, and the contract between those cases and this case reveal to the Court the basic and essential weaknesses in this defendant's position.

that that constitutional provision might be applicable if all the business was interstate and the other party cannot point to any substantial local business. This is an additional reason for denying the motion because these two corporations appears to be engaged primarily in interstate and not intrastate business insofar as Virginia is concerned.

The plaintiffs also raise the question of estoppel on the part of the employee to assert their alleged non-compliance as a defense. The defendant cites no authority in support of his response that there could be no estoppel because the state could raise the issue as well, and the Court has not taken the additional time required to discover whether there is any merit in that particular argument since there is no authority cited for it. The Court will suggest that counsel read *all* of § 8532, *Fletcher on Corporations*. It has additional language beyond that cited by the plaintiffs and indicates that there might be some conflict in the authorities on this issue. The Court's opinion based on the scant authority it has been furnished by the plaintiffs is that the defendant is estopped from raising the issue. If and when the state desires to raise the issue, it may certainly do so, but until the issue is raised by someone other than the defendant the Court does not believe the suit can be dismissed on this defendant's motion.

The Court also notes the defendant's demurrer on the issue of whether there is a cause of action for interference with the contract. The Court has not seen a memorandum from the opposing parties and assumes that that will be scheduled later. The Court invites the attention of counsel to the recent Supreme Court decision of *Chavis v. Johnson*, 230 Va. 112 (1985), for comment.

Counsel for the plaintiffs will draw the appropriate order reflecting this ruling and noting the defendant's objections.